■ In the Matter of KENT W. DAVENPORT, Respondent, v JEFFREY STEIN, Appellant. [845 NYS2d 253]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 4, 2006, which granted petitioner's motion to compel respondent to submit to a further deposition, unanimously modified, on the law and the facts, to disallow proposed questions 11 through 13, the third part of 15, the ninth part of 18, the third and fourth part of 20, the second part of 21, 33, 40, 41, 44, 45, the third part of 54, 55 and 67, to allow question 58 with the restrictions described herein, and to allow additional follow-up questions as indicated herein, and otherwise affirmed, without costs or disbursements.

Petitioner seeks further to depose respondent, a former KPMG LLP deputy chairman, management committee member and director, to obtain disclosure in support of his claims in a Massachusetts state court action alleging that a partnership offer was made to him and wrongfully withdrawn by KPMG. Respondent, however, is under federal indictment,* charging him and 18 others with 40 counts of federal tax evasion and conspiracy arising out of illegal tax shelters that KPMG and others allegedly designed, marketed and implemented, and has refused to answer a single inquiry in a deposition conducted in New York pursuant to CPLR 3102 (e) after an order of commission was entered in the Massachusetts state court litigation. Respondent's refusal was based on the ground that the questions would elicit potentially self-incriminating responses which, under the Fifth Amendment, he may decline to provide (*see Lefkowitz v Turley*, 414 US 70, 77 [1973]; *cf. Access Capital v DeCicco*, 302 AD2d 48, 51 [2002]). Supreme Court granted petitioner's motion to compel respondent to submit to further examination to the extent of requiring answers to questions propounded by petitioner, but not permitting follow-up questions or questions relating to "successor liability." Respondent appeals and we modify.

The Massachusetts action and the federal prosecution arise from different circumstances, and respondent has, to a significant extent, failed to articulate grounds for a reasonable belief that answering petitioner's deposition questions might incriminate him. He raises only a general claim of Fifth Amendment privilege. Nonetheless, it is true that a crucial issue in the pending criminal prosecution is the extent of respondent's managerial role and authority at KPMG during the period of the charged tax fraud conspiracy, and that some of the disputed deposition questions do inquire generally as to the nature of respondent's managerial responsibilities at KPMG during that same period. Respondent could then reasonably believe that answering those questions and certain other questions enumerated above would force him to produce answers that might furnish a lead or form a link in the chain of evidence against him (*see United States v Edgerton*, 734 F2d 913, 921 [2d Cir 1984]). Thus, he could properly invoke his privilege against self-incrimination in response to those inquires (*see Lefkowitz*, 414 US at 78). For the same reasons, deposition question number 58 should be read to pertain only to those meetings at which the

---

* We judicially notice the dismissal of the indictment on July 16, 2007. Inasmuch as the Government has appealed, both parties agree that the issue before us is not rendered academic.

Arthur Andersen/KPMG Boston deal was discussed; it should not be construed to inquire generally as to the note-taking propensities of members of the KPMG management committee.

We further modify the order to permit additional follow-up questions on the same inquiries depending on the answers given. Straight-jacketing petitioner to the allowable questions propounded in advance cannot be justified on the ground that any additional inquiries would only trigger further motion practice. Petitioner is entitled to full disclosure of all matter material and necessary in the prosecution of his action (CPLR 3101) or that "appears reasonably calculated to lead to the discovery of admissible evidence" (Mass Rules Civ Pro rule 26 [b] [1]).

We reject respondent's arguments that petitioner is not entitled to take his testimony because it is cumulative, irrelevant or otherwise objectionable.

Finally, because petitioner's permitted questions are narrowly tailored and directed to events surrounding the Arthur Andersen/KPMG Boston deal and specifically to the offer to petitioner, respondent's fears regarding subject matter waiver are unfounded. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ.